# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WARREN K. GLADDEN** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 10-3402** |
| | * | |
| **JOHN McHUGH,** | * | |
| **Secretary, U.S. Dep't of the Army** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Warren K. Gladden, *pro se*, has filed this suit against John McHugh, Secretary of the United States Department of the Army ("Army"), based on his numerous but ultimately unsuccessful applications for employment with the Army.  He alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA").[1]

The Army has filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. [Paper No. 6].  Because the Army has cited evidence outside the four corners of the Complaint, the Motion will be treated as a Motion for Summary Judgment.  *See* Fed. R. Civ. P. 12(d).  For the following reasons, the Army's Motion for Summary Judgment is **GRANTED**.

---

[1] Gladden is a frequent filer in this Court, typically alleging race and age discrimination in connection with unsuccessful applications for federal employment. *See Gladden v. McHugh*, Civ. No. PJM 10-1793, 2011 WL 2791139 (D. Md. July 13, 2011); *Gladden v. Locke*, Civil No. 10-1756, 2011 WL 2619570 (D. Md. June 30, 2011); *Gladden v. Locke*, Civil No. PJM 10-1665, 2011 WL 2160573 (D. Md. May 31, 2011).

**I.**

On May 17, 2007, the Army issued two vacancy announcements for a "Lean Six Sigma Technical Specialist" position.[2]  This individual would work directly for the Chief of the Strategic Assessment Division, providing advice "on all technical issues concerning implementation of Lean Six Sigma throughout the agency" and serving as a Lean Six Sigma "Instructor."  The vacancy announcements stated that the position required "specialized experience"—applicants had to demonstrate training and experience that provided:

> (1) Knowledge of analytical and evaluative methods and techniques to a broad range of functional areas related to Lean Six Sigma and commercial quality practices; (2) Ability to develop metrics, analyze study results, and develop alternatives and recommendations that are in line with Lean Six Sigma initiatives; and (3) Knowledge of effective training principles, techniques, and tools required to design, develop, maintain, and conduct training/course content.

Gladden, an African-American male born in 1954 who holds a B.S. in physics and an M.S. in electrical engineering, applied for the Lean Six Sigma Technical Specialist position and submitted a four-page resume.  The resume contains two sentences that identify his Lean Six Sigma skills: As a program manager for a company in Pennsylvania, he "[u]sed DMAIC approach to map the process of delivering assembled microchips to business units for prototype evaluation.  Evaluation showed that turn-around time could be reduced by 33% and process sigma improved to 2.5 from 1.3."  The resume does not indicate that Gladden received any Lean Six Sigma certification, such as "Green Belt" or "Black Belt" status, demonstrating his level of expertise.  Nor does the resume indicate Gladden's race or age.

All the resumes for the Lean Six Sigma Technical Specialist position were scanned into the Army's RESUMIX computer program.  That program is used to analyze a resume's content based on the skills represented in the resume's text as compared to the skills required for the

---

[2] Lean Six Sigma is a business management strategy that seeks to reduce waste and improve the quality of process outputs.

open position.  For the Lean Six Sigma Technical Specialist position, Human Resources

Specialist Jean Tyler testified that she individually reviewed all the resumes on RESUMIX.  She

compared the skills and experience listed in the resumes to the required "specialized experience"

set forth in the vacancy announcements.  Based on her analysis, Tyler decided not to refer

Gladden to the selecting official for further consideration because he did not possess the requisite

specialized experience.  Tyler was not aware of Gladden's race or age when she handled his

application.

 Gladden sent an inquiry asking the Army to explain why it determined he was not

qualified for the position.  Tyler called Gladden and explained her decision over the phone.

When Gladden voiced his disagreement, she offered to have a Subject Matter Expert review his

application.  Gladden accepted the offer.  Tyler contacted Michael McNeal, who at the time was

a Lean Six Sigma Technical Specialist, and asked him to compare Gladden's resume with the job

requirements.  McNeal was not aware of Gladden's race or age when he examined Gladden's

resume.  Like Tyler, McNeal found that Gladden was not qualified for the Lean Six Sigma

Technical Specialist position because he did not possess the necessary specialized experience—

his resume did not show that he was trained in Lean Six Sigma, that he was knowledgeable about

all the elements of Lean Six Sigma strategy or that he had worked a project through to

completion.

 In late 2007, Gladden filed a formal complaint with the Equal Employment Opportunity

("EEO") Office located at the Army's Aberdeen Proving Ground in Maryland.  He claimed that

the RESUMIX program "grossly" misrepresented his skills causing him not to get ratings

sufficient to be referred to selecting officials.  Gladden alleged that he was discriminated against

on the basis of race and age when he was not referred for consideration for eleven vacancy

announcement, including the two related to the Lean Six Sigma Technical Specialist position, and when he was referred but not selected for two other vacancy announcements.

On March 6, 2008, the EEO Office issued a final agency decision dismissing Gladden's complaint for failure to state a claim. Gladden timely appealed that decision to the Equal Employment Opportunity Commission ("EEOC"). On September 18, 2008, the EEOC affirmed dismissal of his claims except for Gladden's non-referral for the two Lean Six Sigma Technical Specialist vacancy announcements. The EEOC ordered the agency to process that remaining claim and advised Gladden of his right to file a civil action.

The Army proceeded to investigate Gladden's allegation that he was subjected to race and age discrimination when he was not referred to a selecting official for the Lean Six Sigma Technical Specialist position. On March 24, 2009, Gladden requested a hearing before an EEOC Administrative Law Judge. He subsequently withdrew his request, and on September 4, 2011, he received the Army's final decision, which concluded that he was not a victim of discrimination. On December 3, 2010, Gladden sent the instant Complaint to the Court via Federal Express. On December 6, 2010, the Clerk of the Court received the Complaint.

In the Complaint, Gladden alleges that he applied for sixty-five positions with the Army from March 2006 to December 2010 and that the automated RESUMIX program systematically devalued his credentials thereby preventing him from being considered for most of those positions. He claims that RESUMIX does not accurately extract the correct skills and experience from an applicant's resume and has a disparate, discriminatory impact on African-Americans and persons over the age of 40. The Complaint acknowledges, though, that RESUMIX does not screen for race or age and is "blind" to those factors. Attached to the Complaint is the Army's final decision dated September 4, 2011 finding that no discrimination occurred when he was not referred to a selecting official for the Lean Six Sigma Technical Specialist position.

## II.

Pursuant to Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility."  *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court, however, must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  Summary judgment is appropriate where a party fails to make a showing sufficient to establish the elements essential to the party's claim and on which the party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  There must be sufficient evidence for a reasonable jury to find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986), and a "mere scintilla of proof . . . will not suffice to prevent summary judgment."  *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).

## III.

### 1.

The Army argues that Gladden has failed to exhaust his administrative remedies with respect to most of the sixty-five positions he cites in his Complaint.  The Court agrees that his discrimination claims are barred except as to those positions noted in his initial complaint to the Army EEO Office.

An applicant who believes he or she was discriminated against in seeking employment with the Army must follow administrative review procedures before filing suit under Title VII or the ADEA.  *See* 29 C.F.R. §§ 1614.103-.106.  To exhaust available remedies, the applicant must seek to resolve his or her grievance by contacting an EEO counselor, *id.* § 1614.105, and then by filing a complaint with "the agency that allegedly discriminated against the complainant." *Id.* § 1614.106.  Once the applicant has received the agency's final decision, he or she may file a lawsuit in a federal district court.  *Id.* § 1614.407.

In this case, Gladden filed a formal complaint with the Army's EEO Office in Maryland after the Army denied several of his applications for employment.  That complaint alleged race and age discrimination based on his non-referral for eleven vacancy announcements and his referral but non-selection for two vacancy announcements.  Gladden failed to pursue administrative remedies with respect to scores of other positions that he now claims he was not considered for because RESUMIX did not accurately represent his qualifications.  Gladden has not argued that waiver, estoppel or equitable tolling obviate his failure to exhaust administrative remedies.  Accordingly, the Court will grant summary judgment in favor of the Army on those discrimination claims not raised in his complaint to the EEO Office.

**2.**

For the positions where Gladden did pursue administrative remedies, the Army argues that summary judgment is appropriate because Gladden failed to timely file the instant Complaint.  The Army also argues that with respect to the Lean Six Sigma Technical Specialist

position, Gladden's claims are without merit.  The Court agrees on both points and will grant

summary judgment in favor of the Army.

**a.**

The Army is entitled to summary judgment because Gladden's Complaint is time-barred.

After the Army EEO Office issued a final decision dismissing Gladden's agency complaint for

failure to state a claim, he filed a timely appeal to the EEOC.  The EEOC rendered its decision

on September 18, 2008, affirming dismissal of all his claims except for the non-referrals for the

two Lean Six Sigma Technical Specialist vacancy announcements.  With respect to the dismissed

claims, the EEOC notified Gladden that he had 90 days from receipt of its decision to file a

lawsuit asserting that he suffered race and age discrimination.  *See* 29 C.F.R. § 1614.407.  He

never did so.  For the Lean Six Sigma Technical Specialist position, the Army conducted further

investigation and issued its final decision concluding that he was not a victim of discrimination.

Gladden received the decision on September 4, 2010, and once again was informed that he had

90 days to file suit.  Gladden, however, did not send off the Complaint until December 3, 2010,

the deadline for filing his action.  The Clerk of the Court received the Complaint on December 6,

three days past the deadline.

There is no dispute that with respect to the eleven vacancy announcements unrelated to

the Lean Six Sigma Technical Specialist position, Gladden failed file suit within the 90-day

deadline.  He never even asked the EEOC to reconsider its decision affirming dismissal of those

claims.   It is also clear that Gladden's Complaint was untimely, and his argument to the contrary

is unavailing.  It is immaterial that he sent his Complaint via Federal Express on the ninetieth

day.   "[M]erely placing a complaint in the mail does not constitute filing sufficient to mark the

commencement of an action in a federal court."  *McIntosh v. Antonino*, 71 F.3d 29, 37 (1st Cir.

1995).  "When papers are mailed to the clerk's office, filing is complete only upon the clerk's

receipt of them." *Id.* at 36-37 (citations omitted).  The "date of filing is established by the

official docket." *Gladden v. Bolden*, 802 F. Supp. 2d 209, 213 n.1 (D.D.C. 2011) (quoting *Smith*

*v. Dalton*, 971 F. Supp. 1, 3 (D.D.C. 1997)).  Because the Complaint arrived and was docketed

on December 6, 2010, three days past the deadline, Gladden's suit is untimely.

Gladden, moreover, is not entitled to relief under the doctrine of equitable tolling.  The

principles of equitable tolling do not apply to "a garden variety claim of excusable neglect."

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Gladden simply failed to exercise

due diligence in filing suit even though the EEOC and EEO Office notified him of the applicable

deadlines.  He is also no novice when it comes to federal court procedures, having filed at least

ten other employment discrimination cases throughout the country.  *Gladden*, 802 F. Supp. 2d at

214 n.2.

## b.

Even if the merits of Gladden's claim that he was discriminated against on the basis of

race and age because RESUMIX did not refer him to a selecting official for the Lean Six Sigma

Technical Specialist position was properly before the court, the Army is still entitled to summary

judgment.  To establish a *prima facie* case of discrimination, Gladden must show that "the

facially neutral employment practice had a significantly discriminatory impact." *Walls v. City of*

*Petersburg*, 895 F.2d 188, 191 (4th Cir. 1990) (citing *Connecticut v. Teal*, 457 U.S. 440, 446

(1982)).  Gladden, however, cannot establish that RESUMIX had such an impact because the

program was not responsible for his non-referral.  Instead, Human Resource Specialist Tyler

reviewed Gladden's credentials and determined that he did not possess the requisite specialized

experience.  When he challenged her determination, Subject Matter Expert McNeal confirmed

that Gladden lacked the required specialized experience.  He did not show that he was trained in

Lean Six Sigma or was even knowledgeable about the elements of Lean Six Sigma strategy.

Independent review of his resume led to his non-referral and therefore his disparate impact argument based on RESUMIX necessarily fails.

Any disparate treatment claim also fails.  To establish a *prima facie* case, Gladden must show that his non-referral occurred under circumstances giving rise to an inference of unlawful discrimination.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  His protected status must have actually played a role in the Army's decision not to refer him for further consideration.  *See Hill v. Lockheed Martin Logistics Mgmt. Inc.*, 354 F.3d 277, 286 (4th Cir. 2004).  Yet Gladden has not alleged or adduced any evidence that Ms. Tyler or Mr. McNeal knew his race or age.  In fact, the record shows that neither was aware that Gladden was African-American and born in 1954.  Without evidence indicating that that his protected status played any role in the Army's decision not to refer him, Gladden cannot demonstrate a prima facie case of discrimination.  *See, e.g.*, *Moore v. Reese*, 817 F. Supp. 1290, 1298 (D. Md. 1993) ("It is impossible for an employer, who does not know the race of an employee, to discriminate against that employee.")

## V.

For the foregoing reasons, the Court **GRANTS** the Army's Motion for Summary Judgment [Paper No. 6] as to all Counts.  Final Judgment will be entered in favor of the Army and against Plaintiff and the case will be **CLOSED**.

A separate Order will **ISSUE**.


_____ */s/* _____ __
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February 13, 2012**